[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on May 12, 1979 at Moodus, Connecticut.
All jurisdictional requirements have been met.
The parties have two minor children born issue of this marriage, Brian Woronick, born March 24, 1980 and Melinda Woronick, born January 26, 1982.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
Throughout the marriage the wife outearned the husband, often by substantial amounts. The husband argues that the court should consider its orders as if the genders were reversed, and evaluate his proposals in such light. The court notes that gender is not one of the statutory criteria open to it for consideration. Indeed the criteria focus on comparative aspects CT Page 9365 of the partners to a marriage, regardless of their gender. Here if genders were reversed, traditional gender roles would not go with them, and thus the plaintiff can not reap the benefits of the non-monetary contributions normally attributed to the unemployed or less employed spouse. Here, the husband, did not, in his wife's estimation, nor the court's, work up to his potential outside the home, nor did he take primary responsibility for the home or the children. The wife complains that she had to take on more and more because he did not participate as an equal partner in the home, or decision-making regarding the children. It is also true that the plaintiff may face serious medical problems in the future, and that the wife has a higher earning capacity.
The court has considered the evidence presented by the parties and all the statutory criteria contained in Conn. Gen. Stats. Secs. 46b-56, 46b-81, 46b-82 and 46b-84 and enters the following orders:
The parties shall share joint legal custody of the children, whose primary residence shall be with the mother. The father shall have rights of reasonable, flexible and liberal visitation with the minor children.
The plaintiff shall pay, directly to the defendant, as child support $114.00 per week. Said sum is in compliance with the child support guidelines and subject to contingent wage withholding.
The defendant shall transfer to the plaintiff by QUADRO, twenty five percent of her CIGNA pension.
The plaintiff shall quit claim his interest in the marital property to the defendant. The defendant shall execute a mortgage note and deed in favor of the plaintiff in the amount of $35,000.00, together with five percent interest, secured by the property an payable no later than January 1, 2005.
The defendant shall transfer by way of QUADRO $50,000.00 to the plaintiff from her 401K.
Other than outlined above, the parties shall retain the assets listed on their respective financial affidavits, except that the parties shall divide household furnishings, and if CT Page 9366 unable to agree are referred to the Family Relations office for assistance. The court retains jurisdiction over the personal property.
The parties shall each be responsible for the debts on their respective financial affidavits, except that the debts owed to Citizen's Bank and MBNA shall be divided equally between the parties by the defendant having a credit against the 401K transfer the plaintiff's obligation as herein ordered.
Each of the parties shall maintain the life insurance presently in effect for the benefit of the minor children.
The defendant shall maintain the medical insurance now in place for the minor children for so long as it is legally available. Thereafter, each of the parties shall maintain medical insurance for the benefit of the minor child(ren) as it is available through their respective employment. The parties shall divide equally all non-insured and unreimbursed health related expenses incurred on behalf of the minor children.
BY THE COURT
Elaine Gordon, J.